MEYER HELLMAN ET AL., PLAINTIFFS IN ERROR, V. JAMES W. DAVIS ET AL., DEFENDANTS IN ERROR.

1. **Limitation of Actions:** FRAUD. An action for relief on the ground of fraud may be commenced at any time within four years after a discovery of the facts constituting the fraud, or of facts sufficient to put a person of ordinary intelligence and prudence on an inquiry, which, if pursued, would lead to such discovery. *Parker v. Kuhn*, 21 Neb., 413.

2. ———: ———: CREDITOR'S BILL. In a creditor's suit brought by H. & Co. against J. W. D. and E. D., his wife, for relief, on the ground that certain lands conveyed to E. D. in 1873 were bought and paid for out of the money of J. W. D., or of a partnership of which he was a member, and the title taken in the name of E. D., for the purpose of defrauding the plaintiffs, the said J. W. D. and the said partnership being insolvent and indebted to the plaintiffs, the only evidence of any fact or occur-

rence within four years next before the bringing of the suit was,
that in 1883 plaintiff's counsel told him that he thought he had
a good way of making the claim plaintiff had against J. W. D.,
and associates. *Held*, That the cause of action was barred by
the statute of limitations.

ERROR to the district court for Douglas county. Tried
below before WAKELEY, J.

*Hall & McCulloch* and *E. R. Duffie*, for plaintiffs in
error, cited: *Carpenter v. Roe*, 10 N. Y., 227. *Mackay
v. Douglas*, 3 Moak's Eng. Rep., 659. Pomeroy Equity
Jur., Sec. 973. *O'Dell v. Burnham*, 21 N. W. R., 635.
*Parker v. Kuhn*, 21 Neb., 413.

*Charles B. Keller*, for defendants in error, cited: *Bemis
v. Davis*, 13 Neb., 270. *Parker v. Kuhn*, 21 Neb., 427,
and cases cited.

COBB, J.

This was a creditor's suit brought in the district court
of Douglas county by Meyer Hellman and Aaron Cahn,
plaintiffs, against James W. Davis and Elizabeth Davis
and James M. Woolworth, defendants.

The petition alleges that, in the year 1868 the said
James W. Davis and others were engaged in certain busi-
ness enterprises in the name and style of James W. Davis
and associates; that in the months of April, May, and
June of said year, the said James W. Davis and associates
became indebted to the plaintiffs at various times and in
various amounts, aggregating $3,104.05; that in the year
1870, said sums remaining unpaid, the plaintiffs drew on
said James W. Davis and associates for the amount, which
draft was duly accepted, but which still remaining unpaid,
the plaintiffs brought suit against the payees in the dis-
trict court; that on June 30, 1874, in said court, they
recovered judgment against said James W. Davis and asso-

ciates, the other members of the firm not being within the jurisdiction, for $3,330.96 damages, and $11.28 costs, on said acceptance; that said judgment is unpaid; that two executions have been issued thereon, the last on January 28, 1879, which with accruing costs, amounting to $25, remain unsatisfied. The plaintiffs allege that, during the year 1878 James W. Davis and associates and James W. Davis became insolvent and unable to pay their debts, and that the latter, with fraudulent design of defrauding the creditors of both, and particularly the plaintiffs, and for the purpose of concealing the property of both from their creditors, and particularly from the plaintiffs, to-wit, certain money and property of James W. Davis and associates, or the members thereof, and while said firm and James W. Davis were insolvent, bought certain lands in Douglas county, to-wit, the north half of the north-west quarter of section 35, township 15 north, of range 12 east, and took the title to said lands in the name of said Elizabeth Davis. But the plaintiffs aver that the said Elizabeth Davis had no interest in said lands, nor did she pay any part of the purchase money, but the lands were paid for out of certain money of James W. Davis and associates, or of James W. Davis, and was so conveyed solely to defraud the creditors, which facts were well known to Elizabeth Davis at the time of the conveyance, and that in pursuance of their fraudulent design, and for the more perfectly concealing and covering the land from the firm's creditors, and particularly to hinder, delay, and postpone the plaintiffs, James W. Davis mortgaged the property to James M. Woolworth, their co-defendant, and by virtue of the mortgage certain parts of the land were sold and conveyed in proceedings of foreclosure to James M. Woolworth, who had full knowledge of all the facts set forth at the times hereinbefore mentioned; that said plaintiffs had no knowledge of the facts until the year 1882; that by reason of said fraudulent conveyance and transfer of

mortgage they are hindered and delayed in recovering their debt, due on said judgment, and by reason thereof the defendants fraudulently concealed the property of James W. Davis and associates from the plaintiffs, their creditors. Wherefore it is prayed that the conveyances and sales of land to Elizabeth Davis and to James M. Woolworth may be decreed null and void as against the judgment lien of the plaintiffs, that the same may be sold to satisfy said lien, and that the purchaser may take the same free of all incumbrance, and for general relief.

The defendants, Elizabeth Davis and James W. Davis, answered, denying all allegations except such as they expressly admitted in answers.

I. They admit that in 1868 James W. Davis and others were engaged in business under the name of James W. Davis and associates; that said firm became indebted to the plaintiffs, but not at the times nor in the amounts claimed; that on July 1, 1870, the plaintiffs drew on James W. Davis and associates for $2,104.05, and not for $3,104.05 as stated; they admit the acceptance of the draft, on its date, July 1, 1870; they admit the suit of the plaintiffs against James W. Davis and associates in the district court of Douglas county, and the recovery of judgment June 30, 1874, for $3,319.78 and costs, $11.35, but not for a larger sum as stated. They aver that the judgment was void for want of jurisdiction of the court of the persons of defendants, and for the reason that the petition in said suit did not state facts sufficient to constitute a cause of action against the defendants, and deny that the sums in the petition mentioned are still due and owing from James W. Davis and associates to the plaintiffs, but that on the ...... day of ........., 18..., the plaintiffs received a large amount to be applied as credit on said draft as dividend to be paid thereon in certain judicial proceedings then pending in the supreme court of the city and county of New York, the amount of which the defendants are not advised and cannot state.

They deny that in the year 1868 James W. Davis and associates became insolvent, or that James W. Davis for the purpose of defrauding creditors, or of converting or concealing property from creditors, bought the lands described, or that the same was bought with the money of James W. Davis and associates, or that the same were purchased while James W. Davis and associates were insolvent, or that the same were paid for out of the money of said firm, or that the same were conveyed to Elizabeth Davis with an intent to defraud the creditors of the firm or of any member thereof, or that said defendants had any knowledge of any such fraudulent intent at the time of the conveyance to her, or that for the purpose of concealing and converting the lands from the creditors of the firm, or to in any way hinder or delay the plaintiffs, the lands were mortgaged by this defendant and James W. Davis to their co-defendant, James M. Woolworth, or that the plaintiffs had not full knowledge of the facts of all such conveyances and of the consideration therefor until the year 1882, as alleged; or that by reason of anything alleged in the petition the plaintiffs have been hindered or delayed in the collection of their debts, or that the defendants have fraudulently concealed the property of James W. Davis and associates from their creditors.

But on the contrary they aver that at the time of the purchase of the lands the said firm were not indebted to the plaintiffs on the cause of action mentioned, or on any part thereof; that said firm and James W. Davis, individually, were then, and for a long time thereafter, entirely solvent and abundantly able to pay their indebtedness; that the money by which the lands were purchased was the individual money of the defendants, Elizabeth Davis and James W. Davis, and that the title was taken by Elizabeth in good faith, with no intention of defrauding the creditors of the firm or any member thereof; that the purchase was made for the purpose of securing a home to the

defendant, Elizabeth Davis, and that she entered upon the lands, built upon, improved, and cultivated them as a home, and has, with the exception of a few brief intervals in the city of Omaha, continued to occupy the same as a home hitherto, and that she has been for the last fifteen years in the open, notorious, adverse possession of the same, excepting that portion sold to her co-defendant, J. M. Woolworth, claiming title in her own right, free and clear of any interest or equity of the creditors of James W. Davis and associates, or the creditors of either of them, or of any person whatever.

II.    For a further defense, the defendants say that the cause of action stated did not arise at any time within four years next before the commencement of this suit, and they pray the same benefit of this defense as if the same were taken advantage of with demurrer.

III.    For a further defense, the defendants say that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants, or to entitle them to any relief in equity, and they pray the same benefit of this as if taken advantage of by demurrer.

The defendant, J. M. Woolworth, answered, admitting that, in 1868, J. W. Davis and associates were engaged in business enterprises; that on January 24, 1871, J. W. Davis and Elizabeth Davis had occasion for $2,000, which he advanced to them on their promissory note of that date for that amount, at 12 per cent interest, payable to his order six months after date, secured by mortgage on the lands mentioned, conditioned if the said J. W. Davis and Elizabeth Davis paid the note according to the terms thereof, the conveyance to be void, otherwise to be in force; that failing to pay the note, or any part thereof, on April 10, 1873, in a civil action in the district court of Douglas county, wherein the First National Bank of Omaha was plaintiff, and the defendant and J. W. Davis and Elizabeth

Davis were defendants, this defendant recovered a judgment of foreclosure of the mortgage and sale of the premises, the proceeds to be appropriated to the payment of his said debts; that said premises were sold, and purchased by this defendant, which sale was confirmed by said court, and the premises conveyed to defendant, who entered the premises and has since occupied the same; that these acts and proceedings were without any knowledge whatever by this defendant of any of the facts alleged in the petition, save those only hereinbefore admitted, and he denies that the mortgage and the proceedings under it were for the purpose of hindering, delaying, or defrauding the creditors of said Davis or his associates.

There was a trial to the court, with a finding and decree for the defendants, dismissing the petition with costs. Motion for a new trial was overruled, and the plaintiffs bring the cause to this court on error.

There are three principal questions presented by the record :

I. The sufficiency of the judgment against J. W. Davis upon which to found a creditor's suit.

II. Whether the action is not barred by the statute of limitations.

III.    That arising upon the merits of the case.

The first is not maintained by the plaintiffs in error in their brief, nor is it presented by the record as a salient and tenable basis of discussion of the points involved, and as its decision is not deemed necessary to a proper disposition of the case, it will not be further considered.

The deed of conveyance from Henry O. Jones to Elizabeth Davis of the lands in question, which forms the basis of the alleged fraud, and by which it is claimed the defendant, James W. Davis, with the design of defrauding the creditors of James W. Davis and associates, and his individual creditors, and especially the plaintiffs, and for the purpose of covering and concealing the property of

Davis and his associates from their creditors, and especially the plaintiffs, with certain money and property of Davis and his associates, and while the firm was insolvent, bought certain lands in Douglas county and took the title in the name of Elizabeth Davis, a copy of which is introduced and preserved in the bill of exceptions, was executed and bears date April 12, 1873.

If this transaction was fraudulent, and a cause of action inured to the plaintiffs, the statute of limitations commenced to run thereon *prima facie* at that date, and would have fully run long before the commencement of this suit. The plaintiffs, however, set up that they had no knowledge of the primary facts of fraud until the year 1882. This allegation is denied by the defendants. We are obliged, therefore, to look into the evidence for such facts as may have come to the plaintiffs' knowledge at or about the time, or within the statute of limitations, next before the bringing of the suit. The only evidence of record pertinent is that of the testimony of the plaintiff, M. Hellman. In his examination in chief he testified in reply:

Q. When did you receive the information which led you to bring this creditor's bill?

A. In the fall of 1883.

Q. Did you have any knowledge of the facts set forth in the petition before that time?

A. No, sir.

Q. Did any of the members of your firm, to your knowledge?

A. No, sir, they did not.

*On cross-examination,* the witness further testified:

Q. You say you knew nothing of the facts set up in this bill until the fall of 1883?

A. Yes, sir.

Q. You knew you had an indebtedness against James W. Davis & Co.?

A. Yes, sir.

Q. You knew you had got judgment against them?

A. Yes, sir.

Q. You knew Mistress Davis had the title to this land?

A. I did not know anything about it until Mr. Hall came to me and told me.

Q. You did not know Mrs. Davis had this land?

A. I don't remember whether I knew anything about it or not.

Q. You knew where Mr. and Mrs. Davis lived?

A. I knew they lived out there.

Q. You knew there was considerable land that they were living on, didn't you?

A. I knew there was some land out there that they claimed to own, but I didn't know anything at all about that until Mr. Hall came and told me.

Q. Didn't know anything about what?—about their living there?

A. About, that we could make that judgment against them.

Q. What fact was it you learned in 1883?

A. Mr. Hall came to me and told me that he thought he had a good way of making that claim I had against James W. Davis and associates.

Q. That was what you learned then?

A. Yes, sir.

Q. Was this the fact you referred to when you said you never learned it until 1883?

A. Yes, sir.

Q. The other facts you knew about,—your having a judgment, and about Maj. Davis and Mrs. Davis living on the land out there, and about their having a considerable quantity of land, and the title being in Mrs. Davis,—you knew all that?

A. I knew they owned some land out there. I didn't know what shape it was in until Mr. Hall came and told me about it.

51

Q. Until he came and told you he could make the amount of that judgment?

A. Yes, sir.

Q. That is the fact you learned in 1883?

A. Yes, sir.

Q. The other facts in the petition you knew long before?

A. What facts do you have reference to?

Q. Those you have stated in the petition and have sworn to,—you knew them before 1883, except the fact that Mr. Hall told you that he could make the amount of your judgment, and that was the fact that you learned, —that was the new fact?

A. Yes, sir.

This is the force of the plaintiff's testimony.

The statute (Sec. 12, civil code) provides that an action for relief on account of fraud shall be commenced in four years, but the cause of action shall not be deemed to have accrued until the discovery of the fraud.

This section was construed by this court in the case of *Parker v. Kuhn,* 21 Neb., 413, and the construction given in the syllabus of the report is, that "an action for relief on the ground of fraud may be commenced at any time within four years after a discovery of the facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which, if pursued, would lead to such discovery."

It may be said without doubt that there is no evidence of the discovery of any fact whatever by the plaintiffs within four years next before the commencement of the suit. Indeed, the only occurrence testified to by the plaintiff as a witness as having come to his knowledge within the statutory time is, that his attorney, in 1883, told him that "he thought he had a good way of making that claim I had against James W. Davis and associates."

If the land was paid for with the money of James W. Davis, either individually or associated with others, and

-the title taken in the name of Elizabeth Davis, to defraud ·creditors, the entire transaction was complete as early as 1874. It does not appear that the plaintiffs discovered .any facts in reference to the transaction subsequent to that .year. The conclusion, then, is, that at the date of the action any claim which the plaintiffs might once have had for relief growing out of the alleged fraudulent character ·of the transaction was barred by the statute.

The evidence upon the third point, as to the insolvency ·of Davis at the time of the purchase of the land, or the payment for it, or the ownership of the money invested, will not be considered, as whatever might be our conclu-:sion upon such examination, it could not relieve the case ·of the bar of the statute.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.