LUTHER R. WRIGHT, APPELLANT, V. JAMES W. DAVIS
ET AL., APPELLEES.

[FILED JANUARY 8, 1890.]

1. **Limitation of Actions:** FRAUD. An action for relief on the ground of fraud may be commenced at any time within four years after a discovery of the facts constituting the fraud, or of facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which, if pursued, would lead to such discovery. (*Parker v. Kuhn,* 21 Neb., 413.)

2. ———: FRAUDULENT CONVEYANCES. Where, soon after a conveyance of real estate to the wife of a debtor, he became and was known to be insolvent, and a creditor knew of the facts of such conveyance and insolvency, and knew of the occupation and improvement of the real estate by the debtor, having knowledge of such facts as would suggest the fraudulent character of the conveyance, and which, if pursued, would lead to a knowledge of the fraud, it was *held,* that the statute of limita-

tions began to run under the provisions of section 12 of the Civil Code, and that the creditor's right to subject the property to the payment of his debt on account of the fraud would be barred in four years.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*L. R. Wright*, and *Breen & Duffie*, for appellant, cited, on the question of the statute of limitations : *Clew v. Traer*, 57 Ia., 459 ; 115 U. S., 528 ; *Laird v. Kilbourne*, 70 Id., 83; *Parker v. Kuhn*, 21 Neb., 413 ; *O'Dell v. Burnham*, 21 Wis., 562; *Martin v. Smith*, 1 Dill. [U. S.], 85.

*Charles B. Keller*, for appellees :

The only fact that appellant claims to have learned, which would take this case out of the statute, was as to the nature of the transfer to and by Mrs. Davis. This does not prove discovery of, or facts constituting, fraud sufficient to stop the running of the statute, as the same could have been learned before by examining the record. (*Parker v. Kuhn*, 21 Neb., 427; *Hellman v. Davis*, 24 Id., 793.) The action must be brought within the prescribed time after the actual doing of the thing complained of. (Moak's Underhill on Torts, 65.) When the tort is continuing, the right is also. (Id., 69.)

REESE, CH. J.

This action was instituted in the district court of Douglas county and was in the nature of a creditor's bill. It was alleged in the petition that in the year 1868 James W. Davis became indebted to the plaintiff, and that upon such indebtedness plaintiff recovered a judgment against the said Davis for the sum of $3,069.70, said judgment having been rendered by the district court of Douglas county; that the judgment became dormant and that the same was revived

by the order of said court at the October term thereof, 1885, and it thereby became a lien upon all the real estate of the said defendant, situate in said Douglas county; that on the 19th day of June, 1886, plaintiff caused an execution to be issued upon said judgment and placed in the hands of the sheriff; and that on the 23d day of August, of the same year, the sheriff returned said execution unsatisfied, for want of property upon which to levy and make the same; that the said Davis, about the date of the incurring of the indebtedness and before and at the time of the recovery of said judgment, was indebted to numerous persons and contemplated utter insolvency, and with a view to defraud, hinder, and delay his creditors, at the time and date mentioned in the petition, purchased certain real estate, which is described therein, with his own means and money, and for the purpose of hindering, delaying, and defrauding his creditors, caused the title to said property to be taken in the name of defendant Elizabeth Davis, his wife; that at the time of the execution of the conveyances to her she well knew of the insolvent condition and fraudulent intentions of the said James W. Davis, her husband, and combined and confederated with him to hinder, delay, and defraud his creditors, and that all of the property described in the petition was in truth and in fact the property of the said James W. Davis, and subject to the payment of his debts; that subsequent to the execution of the deed of conveyance to her, and in the years 1879 and 1880, she conveyed the real estate to certain persons named in the petition and who after that time reconveyed the same to her; but that the persons to whom she conveyed the property never owned the same and had no title therein, the conveyance being made for the purpose of covering up and hiding the title, and thus assisting in defrauding the creditors of the said James W. Davis; that during all of said time the said James W. Davis was the sole owner of the real estate, and that he erected buildings and made improvements thereon of great

31

value and paid for the same out of his own means. The other defendants were referred to in the petition as claiming to have some interest in fractional portions of the real estate described, but it was alleged that whatever interest they had was obtained subsequent to the rendition of the judgment and with full notice of the lien created thereby, and that the said James W. Davis was the sole owner of the property. The prayer of the petition was that a decree might be entered declaring the property to have been the property of James W. Davis and be made subject to plaintiff's judgment.

The defendants, James W. and Elizabeth Davis, filed separate answers, denying all the allegations of the petition, excepting that they were husband and wife; that the deeds were executed to Elizabeth Davis and recorded at the time alleged in the petition; that the improvements made upon the real estate were made by James W. Davis in the year 1868, and also pleading the statute of limitations.

To these answers plaintiff filed a reply, realleging the fraudulent character of the deed to Elizabeth Davis; denying that the record of the deed imparted notice to him; denying knowledge that the real estate was the property of the said James W. Davis, and alleging that aside from what was shown by the records of Douglas county the fraud was discovered and made known to the plaintiff within one year previous to the commencement of the action, and not before, and that the cause of action accrued upon the discovery of the fraud.

The other defendants filed separate answers alleging their purchase of the portions of the real estate occupied by them; that the same was made in good faith and for value, and without any knowledge of plaintiff's alleged rights under his judgment.

The cause was tried to the district court, the trial resulting in a general finding in favor of all the defendants, and a decree dismissing plaintiff's petition. From this decree plaintiff appeals.

A number of questions are presented for consideration by the briefs, but it is deemed essential to notice but one, as it is thought to be decisive of the case.

There is no question but that the plaintiff's right to apply the property to the payment of his claim was barred by the statute of limitations if the statute began to run upon the filing for record of the deed by which the real estate was finally conveyed to Mrs. Davis, for by sec. 12 of the Civil Code the statutory limit is four years after the discovery of the fraud. This section of the Code has been construed by this court, so far as its application to the question involved in this case is concerned, in *Hellman v. Davis*, 24 Neb., 793; *Parker v. Kuhn*, 21 Id., 413; *Blake v. Chambers*, 4 Id., 90. By these cases it is pretty well settled in this state that while the person against whom a fraud has been perpetrated has four years from the discovery of the fraud in which to commence his suit, yet the fraud will be deemed to have been discovered when such facts are known, either actually or constructively, as would amount to knowledge, or which would naturally suggest such inquiries as, if followed up, would lead to such knowledge. This being the rule, we are led to inquire whether plaintiff is entitled to pursue his action to a favorable decree, as having discovered the fraud within four years prior to its commencement, or whether by lapse of time his right to relief has become barred.

The land which it is sought to subject to the payment of plaintiff's judgment is described as the north half of the northwest quarter of section 35, township 15 north, range 12 east, in Douglas county. It clearly appears that the conveyances were made and placed on record at a time when defendant was known to be insolvent, or at least just prior thereto; that defendant resided upon the land and made improvements thereon, and that plaintiff knew in the year 1876, or prior thereto, of such residence; that it was claimed by some of the family and was charged

by the record with knowledge of the condition of the title as it then appeared. In answer to the question, "You knew this land had been bought and stood in the name of Mrs. Davis?" he answered, "I presume I did. I don't think I ever looked at the records, but I was satisfied that was the case." He had seen defendant very frequently after his judgment was obtained, had conversed with him about it and the payment of the claim, had received assurances that it would be paid, that he was "to be taken care of," and that the parties in New York to whom defendant J. W. Davis was hopelessly indebted, had agreed to "wipe out the indebtedness so that it would not be hanging over Davis" and at that time he would get his money. It appears from all the evidence that plaintiff was fully aware of the financial condition of Davis and that the conveyances to his (Davis') wife could not be otherwise than fraudulent. Or, if this cannot be said to have been fully established, that by the most superficial examination suggested by facts within his knowledge he might have had full and complete knowledge of the condition of the title. As we have seen, this was sufficient to cause the statute to run.

The decree of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.