DUDLEY E. JONES COMPANY *v.* DANIEL.

Opinion delivered November 18, 1899.

ELECTION OF REMEDIES — WHEN NOT BINDING. — By suing to collect the purchase money, a vendor is deemed to have elected to waive a condition in the sale whereby title to the thing sold was reserved in himself until paid for; but if such election was made without fault, and in ignorance of a material fact, as that one of the vendees, and the only solvent one, was an infant and not bound by the contract, it is not binding, where no other person's rights have been affected thereby. (Page 207.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

STATEMENT BY THE COURT.

In October 1892, the Dudley E. Jones Company, of Little Rock, delivered to Nat Smith, of Haynes, Arkansas, a "Sailer Patent Cotton Elevator," under a written agreement with him that the elevator should remain the property of the company until fully paid for. Smith executed notes for the purchase price, but, not being able to pay them at maturity, he in 1893 executed renewal notes, which notes were signed by himself and his son, W. N. Smith. These notes, as well as those first executed, recited that they were given for the purchase price of a "Sailer Patent Cotton Elevator, which is to remain the property of Dudley E. Jones Company until fully paid for."

Smith placed the elevator in a gin house on land held by him under a contract of purchase from one Geo. B. Daniel. He afterwards surrendered the lot to Daniel, and sold him the improvements he had made thereon, including the elevator, and Daniel now holds the same. The notes given by the Smiths to the Dudley E. Jones Company were not paid, and in January, 1896, the company brought an action on the note against the two Smiths. Nat Smith made no defense, but W. N. Smith at the January, 1896, term of the court set up as a defense the fact that he was a minor at the time he signed the notes. The

filing of this answer, so the agreed statement of facts states, was the "first information that plaintiff or its attorneys had of the fact of the infancy of W. N. Smith."

Nat Smith was insolvent, and, upon the filing of the answer by W. N. Smith, the plaintiff dismissed its action on the notes without asking for judgment against either of the defendants. Afterwards the company brought this action of replevin against Daniel to recover the elevator.

The presiding judge, over the objection of plaintiff, instructed the jury that the action on the note was "an election by plaintiff to make and regard the transfer of the elevator by plaintiff to Nat Smith as an absolute sale, and the verdict must be for defendant."

There was a verdict and judgment in favor of the defendant, from which the plaintiff appealed.

*McCulloch & McCulloch*, for appellant.

Consistent co-existing remedies may be prosecuted simultaneously or consecutively. 7 Enc. Pl. & Pr. 362–3. An election made in ignorance of material facts is not binding. 7 Enc. Pl. & Pr. 366; 65 Ark. 278; 48 Ark. 426; 28 S. W. 870.

*Fletcher Rolleson*, for appellee.

In conditional sales, with reservation of title, an action for the purchase money is an election and a confirmation of title in the purchaser. 25 Atl. 446; 18 L. R. A. 187; 60 Ark. 140, 4 L. R. A. 145; 18 N. Y. 552; 45 Ohio St. 169; 135 Mass. 172. See also on confirmation: 52 Ark. 145; 65 Ark. 383; 64 Ark. 215. Appellant was not ignorant of any fact which gave him a right of replevin, and cannot on that ground claim that their election is not binding. 52 Ark. 458, 467; 14 N. W. 266. The fact that the remedy selected proves fruitless does not avoid the act of election. 4 L. R. A. 145; 9 N. Y. S. R. 796; 65 Ark. 383; 7 App. D. C. 192; 19 So. 366. Nor does the fact that it was dismissed before judgment. 67 N. W. 516; 20 So. 890; 60 Ark. 140. Further, that the election was binding, see 17 S. W. 1030; 5 Big. Estop. 673; Herm. Est. 1177; 82 Md. 212; 8 So. 870; 12 N. W. 906.

RIDDICK, J., (after stating the facts.) The question pre-

sented by this appeal is, whether the plaintiff, by its action upon the notes executed for the purchase money of a "Sailer Patent Cotton Elevator," waived the condition expressed in the notes that the elevator should remain its property until the purchase money was fully paid. Now an action for the price of an article cannot be maintained until the title has passed to the vendee. Benjamin on Sales (Bennett's 7th Ed.) 795. An action by the vendor for the price is an admission that the title has passed. In this case it was a condition of the contract that the title should remain in the plaintiff company until the price was paid. Under the contract, upon a failure to pay, plaintiff might reclaim the property, or waive the condition and sue for the price; but it could not recover the price, and also retake the property. Two inconsistent courses being therefore open, it was necessary to elect which it would pursue, and, electing to pursue one course, it would, as a general rule, be debarred from the other. *Cox* v. *Harris*, 64 Ark. 213; *Bailey* v. *Hervey*, 135 Mass. 172.

But to this rule there is the exception that an election made without fault, and in ignorance of material facts, is not binding when no other person's rights have been affected thereby. *White* v. *Beal & Fletcher Grocer Co.*, 65 Ark. 278; *Watson* v. *Watson*, 128 Mass. 152.

It is admitted by the agreed statement of facts in this case that one of the defendants, Nat Smith, at the time of the commencement of the action on the notes, was insolvent, and so remained until his death; that the plaintiff company did not know that W. N. Smith, the remaining defendant, was a minor at the time of the execution of the notes sued on until he set up that defense in his answer; and that, so soon as it became aware of this fact, the company, within a month after its commencement, dismissed the action upon the notes, without asking judgment against either of the defendants. In other words, the company at the time it elected to bring suit on the notes was ignorant of the material fact that one of the defendants—the only one not shown to be insolvent—was not bound by the notes. Under these circumstances, if the rights of other parties were not affected by its election, it was not bound thereby,

and could dismiss its action on the notes, and bring suit for the property.

Counsel for appellee contends that the rights of defendant Daniel were affected by plaintiff's election, but that question was not submitted to the jury, and the evidence bearing on it is not sufficient for us to treat it as conclusively established.

For the errors indicated, the judgment is reversed, and the cause remanded for a new trial.