KELLEY *v.* GRAHAM.

Opinion delivered March 29, 1902.

1. SALE UNDER POWER IN MORTGAGE—APPRAISEMENT.—Under Sand. & H. Dig., § 5112, requiring that, before land can be sold under power contained in a mortgage, it must be appraised by three disinterested householders of the county appointed by a justice of the county in which the real estate is situated, a sale of land under a power contained in a mortgage is void where the appraisers and the justice of the peace who appointed them lived in a different county from that in which the land was situated. (Page 492.)

2. STATUTE OF LIMITATION—INTERRUPTION.—Where a mortgagor seeks to set aside a void sale under the power contained in the mortgage, and asks, if the court finds that there was anything due from her on the mortgage, "that an account thereof be stated, and the plaintiff have leave to bring the same into court and pay the same, which she now and here offers to do," the running of the statute of limitations as to the mortgage was stopped by the plaintiff's tender. (Page 492.)

Appeal from Jackson Circuit Court in Chancery.

FREDERICK D. FULKERSON, Judge.

Reversed.

STATEMENT BY THE COURT.

On the 22d day of June, 1891, Louisa Graham, being the owner of lots 11 and 12 in the town of Tuckerman, Arkansas, and the improvements thereon, executed on that date a note for $500 to E. V. Raines, and also executed a mortgage of her lots to secure the note. The note and mortgage were signed by Louisa Graham and J. E. Graham, her husband, and were due and payable twelve months after date. In December, 1891, Raines transferred the note and mortgage to J. P. Kelley, and, the note not being paid at maturity, Kelley afterwards, in December, 1892, sold the property under a power of sale contained in the mortgage, and had a third party to buy the same in for himself. Afterwards, in June, 1893, Mrs. Graham filed a complaint in equity, alleging that the note and mortgage to Raines were executed without consideration, and that

Kelley had notice of that fact at the time the note and mortgage were tranferred to him. She therefore prayed "that said note and mortgage be canceled and held for naught, and that said pretended sale be annulled, and the cloud removed from plaintiff's title. And in the event that the court should find that any sum whatever is due and owing from plaintiff to said Raines or said Kelley on account of said note and mortgage, then that an account thereof be stated, and the plaintiff have leave to bring same into court and pay the same, which she now and here offers to do, and for other relief."

In July, 1893, the defendant Kelley filed his answer, denying the material allegations of the complaint and alleging that the note was sold and assigned to him by Raines, before it was due, for a valuable consideration, and that he was an innocent purchaser without notice of any defense thereto. The prayer of his answer was that the complaint "be dismissed, and that he have a decree for the possession of the land, and for further relief." Afterwards in June, 1898, Kelley, by leave of court, amended his answer by adding thereto the following words: "But if it be found that from any cause the sale of said property is invalid, then this defendant prays that his answer be taken as an answer and cross complaint, and that he have judgment for the amount of his debt with interest and costs, and that his lien be foreclosed against said property."

The defendant Raines also filed an answer, denying the allegations of the complaint and stating that the note and mortgage had been transferred to Kelley.

On the hearing the chancellor found "that no consideration passed to Mrs. Graham for the note sued on, and that Kelley had notice of that fact, and he further found that the note and mortgage were void, and that the sale made by Kelley under the mortgage was void. He therefore decreed that the sale be set aside, that the note and mortgage be canceled, and that plaintiff recover her costs. Defendants appealed.

*Phillips & Campbell,* for appellant.

This court will reverse a chancellor's decree if it is against the evidence. 43 Ark. 307. Appellant Kelley was a purchaser for value of the Graham note. Norton, Bills & Notes, 294; 48 Ark. 454; 65 Ark. 210. Even had the note been accomodation

paper, and he had notice thereof, such would not have been a defense against him. Norton, Bills & Notes, 175; 65 Ark. 547. The sale to him was regular and valid. 55 Ark. 168. The act of April 15, 1893, cured any defect in the acknowledgment.

*Gustave Jones,* for appellee.

The sale was invalid because the land was in one county and the appraisers were appointed in another. Sand. & H. Dig., § 5112. It was also irregular for Kelley, an interested party, to conduct the sale. 40 Ark. 276; 23 Ark. 622. The mortgage is invalid because not properly acknowledged. 33 Ark. 722, 726. The conveyance was inoperative to convey a homestead. 66 Ark. 382, 385.

RIDDICK, J., (after stating the facts.) This is a suit in equity to cancel a note and mortgage, and to set aside and annul a sale made under the power contained in the mortgage. The statute requires that, before land can be sold under power contained in a mortgage, it must be appraised by three disinterested householders of the county appointed by a justice of the peace of the county in which the real estate is situated. Sand. &. H. Dig., § 5112; Acts 1895, p. 4. But the justice of the peace who appointed the appraisers, as well as the appraisers who appraised the property, lived in a different county from that in which the land appraised was situated, and there was, for this reason, no valid appraisement, and the sale was void.

The contention on the part of the plaintiff that this was a mortgage of the homestead, and void for noncompliance with the statute regulating conveyances of homesteads, we do not think is supported by the record. The evidence does not show that this property was occupied as a homestead at the time the mortgage was executed, and, even if it did show that fact, we think the acknowledgment was sufficient; and, further, that, even if the acknowledgment had been defective as contended, the defect would have been cured by the subsequent curative act of 1893.

Nor do we think there is any ground for the contention that the mortgage is barred by the statute of limitations. The plaintiff in her complaint asked, if the court found that there was anything due from her to Raines or Kelley on account of the note or mortgage, that "an account thereof be stated, and the plaintiff have leave to bring the same into court and pay the same, which she now and here offers to do, and for other relief."

In his answer to this complaint Kelley asked that the plaintiff's complaint be dismissed, and that he have a decree for the possession of said land, and for further relief. Under the prayer of this complaint and answer, we think, if the court had found that the sale under the mortgage was void, but that the mortgage and note were valid, it would have been its duty to have ascertained the amount due on the mortgage, and to have given a decree therefor in favor of defendant, with leave for plaintiff to pay the same, as she offered to do in her complaint. We therefore think that the running of the statute of limitations was stopped by the action of plaintiff herself, and her contention on that point must be overruled.

This brings us to the questions upon which the case was decided by the circuit court. The circuit judge found that there was no consideration for the note. On that point the evidence was conflicting. There was evidence tending to show that the note and mortgage were executed to Raines at his request to enable him to borrow money or to secure a collateral for a loan which he intended to procure, and that they were not executed to secure a debt, as Raines contended. While there is doubt about the matter, we feel that the finding of the chancellor on that point has evidence sufficient to sustain it.

But Kelley alleges that he purchased the note and mortgage before maturity for a valuable consideration and without notice of any defense on the part of plaintiff. After a careful consideration of the evidence, we are of the opinion that this contention of Kelley is supported by the evidence, and that the finding of the chancellor on that point is clearly against the weight of evidence.

For this reason the judgment is reversed, and the cause remanded, with directions for a judgment in favor of Kelley for amount of note and foreclosure of the mortgage.