BALDWIN *v.* WILLIAMS.

Opinion delivered February 25, 1905.

1.  STATUTE OF LIMITATION—EQUITY.—Courts of equity, like courts of law, are bound by the statute of limitations. (Page 317.)
2.  SAME—FRAUDULENT CONVEYANCE.—If the grantee in a fraudulent deed

takes possession of the property, and holds it adversely to all claimants for the period of limitation, creditors of the grantor are barred of their right to subject it to the payment of their debts; but so long as he allows the grantor to hold possession, or so long as he holds possession for the grantor's benefit, the statute does not begin to run against creditors, though the fraudulent deed is placed on record. (Page 318.)

Appeal from Union Chancery Court.

JOHN T. SIFFORD, Special Chancellor.

Reversed in part.

### STATEMENT BY THE COURT.

Action by appellant, Baldwin & Co., Ltd., against appellees, H. G. P. Williams, J. T. Pratt and W. J. Hill, commenced February 21, 1900, to cancel as fraudulent deeds of conveyance executed by appellee Williams to Pratt and Hill, dated November 17, 1892, and January 16, 1893, respectively, and to subject the lands conveyed thereby to satisfaction of a judgment rendered by the circuit court of Union County on March 12, 1893, in favor of appellant against appellee Williams.

The court below decided that the cause of action was barred by limitation, and dismissed the complaint.

*R. L. Floyd,* for appellant.

This action was brought under section 3129, Sandels & Hill's Digest, and is an action on a judgment. 14 How. 29; Am. Dig. 1888, p. 837; Bump, Fraud Con. 535; 33 Ark. 328, 762.

*H. P. Smead* and *H. S. Powell,* for appellees.

Appellants are barred by the statute of limitations. 46 Ark. 34; 54 Ark. 641; 68 Ark. 449; Sand. & H. Dig. § 4815.

McCULLOCH, J., (after stating the facts.) It is very clearly established that the conveyances were made by an insolvent debtor without consideration and for the fraudulent purpose of defeating the payment of his debts. The chancellor so found, and the testimony abundantly sustains his finding in that respect.

Was the action to set aside the conveyance barred by the statute of limitations?

Courts of equity, like courts of law, are bound by the statute of limitations, and must give effect to it when pleaded. *McGaughey* v. *Brown,* 46 Ark. 25.

The first inquiry presented is whether the statute begins to run from the recording of the fraudulent deed when the creditor has notice thereof, or from the date of change of possession thereunder; and if the latter period puts the statute in motion, whether the possesion must be hostile to the grantor in the deed, as well as to his creditors.

The text-writers state the rule that the conveyance must be recorded, or there must be a change of possession, before the statute will begin to run, and that it begins to run from the happening of either of these two events, whichever first occurs. Wait, Fraudulent Conveyances, § 292; Bump on Fraudulent Conveyances, § 571. The decisions cited in support of the text state the same rule broadly, but in none of them is it expressly decided that the recording of the conveyance, without possession taken thereunder, or with possession not shown to be adverse to the grantor, will be sufficient to set the statute in motion. The Supreme Court of Mississippi, in the case of *Abbey* v. *Commercial Bank of N. O.*, 1 Miss. 434, held that where a judgment debtor fraudulently caused lands to be conveyed to his wife and child, but remained in possession and use thereof, the statute did not run against a creditor who had no notice of the fraud; but it does not appear from the statement of facts or opinion in that case whether or not the deed had been recorded. The Supreme Court of Nebraska in the case of *Wright* v. *Davis,* 28 Neb. 479, held, under a section of the code providing that suits of the kind must be commenced within four years after the discovery of the fraud, that the statute began to run when the fraudulent deed was placed of record, where the creditor had notice thereof or could by reasonable diligence have discovered it, even though the debtor remained in possession of the land. The question seems to have there turned upon the language of the statute. In *Belt* v. *Ragnet,* 27 Tex. 471, the reasoning of the court would lead to the conclusion that recording the deed would not put the statute in motion if possession of the land was retained by the grantor. The court there said: "As a necessary consequence, no length of possession by the debtor has any effect upon the rights of the creditor, so long as his debt remains unsatisfied, and his remedy for its collection is not lost by his laches; and as the fraudulent vendee gets no title against the creditor by the conveyance, he can only bar his recovery by such adverse pos-

session as will give him title. When, as between husband and wife, there is no visible change in the control and apparent ownership of property, it seems difficult to perceive by what fiction of law she can divest the title out of her husband by limitation. In this case the fact of her claim was not brought home to the creditor, nor was implied notice given of it by the record of her title, if it would have that effect."

Under the statutes of this State a judgment is enforceable against the property of the debtor at any time within ten years from the date of rendition thereof (Kirby's Dig. §.§ 3215, 5073); and all property owned by the debtor during that period, or held in.trust for him, is subject to execution issued upon the judgment. As long as the property is held by the debtor or by another for him, it is not beyond the reach of his creditors. A conveyance made with intent and for the purpose of cheating or hindering creditors of the grantor in the collection of their just claims, though good between the parties thereto, is void as to such creditors. The grantee in such conveyance holds the legal title as a trustee for creditors, at whose instance a court of equity will set aside the conveyance and subject the lands to the payment of the debts. If the grantee takes possession of the property, and holds it adversely to all claimants for the full period of limitations, the creditors are barred of their right to subject it to the payment of their debts; but so long as he allows the debtor (his fraudulent grantor) to hold possession, or.so long as he holds possession for the benefit of his grantor, and not adversely, the statute does not begin to run against creditors.

This court in *Ringo* v. *Woodruff,* .43 Ark. 469, held that seven years' adverse possession was necessary to bar an action to foreclose a mortgage on real property, and. that the possession, whether held by the mortgagor or a subsequent vendee from him, "must be actual, open, continuous, hostile, exclusive, and accompanied by an intent to hold adversely and 'in derogation of' and not in 'conformity with' the right of the true owner or mortgagee, and must continue for the full period prescribed by the statute of limitations." The statute of limitations has, since that decision, been amended as to suits to foreclose mortgages; but the principle is, we think, the same as to suits by a judgment creditor to set aside the fraudulent conveyance of his debtor. There must be an actual, adverse holding of the property for

the statutory period before he is barred of his right to subject the property to the payment of his debt, so long as the enforcement of the judgment is not barred by the ten years' statute.

The proof is sufficient, we think, to establish the fact that appellee, Hill, held actual possession of the property conveyed to him from the date of the conveyance. He occupied the premises at the time of the conveyance as tenant of the grantor, but paid no rent thereafter, and held the property as his own.

There was no evidence of a visible change of possession of the property conveyed to appellant Pratt. The grantor, H. G. P. Williams, remained in possession up to the commencement of this suit as agent, he claims, of his wife who rented from Pratt. It is manifest that the possession of Pratt, if any is shown at all, was colorable only, and not with any intent to hold the premises as his own. He paid nothing for the property. His claim to have borrowed the money from the wife of the grantor, without executing to her any note or other evidence of the debt, and without any definite agreement concerning repayment of same, is too unreasonable to be credited. The conveyance and change of possession were alike colorable only, and insufficient either to cut off the rights of creditors, or put the statute of limitation in motion.

The decree is affirmed as to appellee Hill, but as to appellee Pratt and the property conveyed to him the same is reversed, and remanded with directions to enter a decree in accordance with the prayer of the complaint.

The cost of the appeal will be divided equally between appellant and appellee Pratt.