BAKER v. BROWN SHOE COMPANY.

Opinion delivered April 23, 1906.

1. SALE—ELECTION OF REMEDIES.—A vendor of goods can not at the same time prosecute one suit to recover the price of the goods, and another to rescind the sale for fraud and to recover the goods. (Page 503.)

2. SAME—BURDEN OF PROOF.—Where, in a suit to rescind a sale of goods, evidence is offered to show that plaintiff has prosecuted to judgment a suit to recover the price of the goods, a *prima facie* case of election of remedies is made out, which puts upon the plaintiff the burden of showing that the election was made in ignorance of the facts entitling him to rescind. (Page 503.)

3. ELECTION OF REMEDIES—MISTAKE.—Where the burden is on plaintiff corporation, in a suit to rescind a sale, to show that it has not elected to enforce the sale by suing to recover the price, it is not sufficient to show that at the time the election was made plaintiff's attorney was in ignorance of the facts entitling plaintiff to rescind; it must also be shown that these facts were unknown to plaintiff's officers and agents. (Page 504.)

Appeal from Lafayette Circuit Court; *Charles W. Smith,* Judge; reversed.

Action in replevin by Brown Shoe Company against W. H. Baker, as sheriff of Lafayette County, to recover a lot of shoes, valued at $134, held by the defendant as sheriff as the property of one O. W. Todd under orders of general attachment sued out by creditors of Todd.

The plaintiff recovered judgment below, and the defendant appealed.

*Searcy & Parks,* for appellant.

1.   The evidence was not legally sufficient to sustain the verdict. Fraud is never presumed, and the burden is on the party alleging it to prove it. In this case it devolved on appellee to prove that Todd knowingly made a false statement concerning material facts as to his financial condition.

2.   If the goods were obtained fraudulently, appellee waived the fraud by bringing suit, having attachment issued and taking judgment. 1 Benj. on Sales (Corbin Ed.), 580, note 10; Pollock on Cont. 507-8; 2 Chitty, Cont. (11 Am. Ed.), 1089, note M. Where the vendor, after learning of the fraudulent representations, prosecutes his suit to judgment, he thereby ratifies the contract, and loses his right to rescission. 52 Ark. 467; 65 Ark. 278; 3 Johns. Ch. 316; 15 Ill. App. 339; 31 Ill. App. 615; 6 Am. Dec. 158; 7 N. Y. Supp. 857; 6 S. W. 246; 24 N. E. 272; 8 L. R. A. 216; 15 Cyc. 259, Tit. Election of Remedies.

*J. M. & R. L. Montgomery,* for appellee.

The evidence was legally sufficient, and, since appellee's attorney, as soon as he received the financial statement made by Todd, learned of the fraud and that the goods were in the hands of the sheriff, went to the justice of the peace, and directed him to dismiss the attachment suit, appellee's right of rescission was not lost.·

McCULLOCH, J.   Appellee sold the goods in controversy to Todd, and demands a rescission of the sale, and seeks to recover the goods on the ground that the sale was induced by a false and fraudulent written statement made by Todd at the time of the sale. Todd failed in business subsequent to the purchase from appellee, and his property was attached for debt by his creditors.

Appellee is a Missouri corporation, domiciled at St. Louis, and on January 26, 1904, through its attorney at Lewisville in

Lafayette County, commenced an action before a justice of the peace against Todd to recover the price of the goods sold, and sued out an order of general attachment against the property of the latter. This was shortly after other creditors of Todd had commenced actions, and sued out attachments, and caused same to be levied.

Judgment was rendered in favor of appellee against Todd on February 6th for the amount of the debt, and the record of the judgment bears an indorsement dated Feburary 16th of satisfaction in full.

A transcript of those proceedings was introduced in evidence in this suit, and appellant, among other things, defended on the ground that appellee, by commencing suit for the price of the goods and by prosecuting the suit to judgment, ratified the alleged fraud in the procurement of the sale, and waived its right to treat the sale as rescinded and sue for the goods. *Bryan-Brown Shoe Co.* v. *Block,* 52 Ark. 467.

Appellee, in order to escape the binding effect of its former election to sue for the price and waive the fraud, undertook to show that the election of remedies was made without knowledge of all the facts, and that it was not therefore bound by the same. *White* v. *Beal & Fletcher Gro. Co.,* 65 Ark. 278; *Dudley E. Jones Company* v. *Daniel,* 67 Ark. 206.

In order to establish such lack of knowledge, the attorney for appellee who brought the two suits testified that he was authorized by appellee to commence the first suit, but that he did not then know of the existence of the alleged false statement made by Todd to appellee; and that, as soon as the same was forwarded to him by his client, he commenced the present suit. He does not say that he instructed the justice of the peace to dismiss the attachment suit, but he does testify, in response to a question asked him on cross-examination by appellant's counsel as to whether or not he had taken judgment in the attachment suit on February 6th, which was two days after the commencement of the replevin suit, "Yes, sir; the court did that." Doubtless, the jury understood this to mean that the justice of the peace rendered the judgment without authority from him. While the statement of the witness may fairly bear that construction, yet it nowhere appears in the testimony that appellee's attorney dismissed the

attachment suit or authorized its dismissal before the commencement of the replevin suit, or that anything was done in that direction until the attorney's indorsement of satisfaction was made on the record on February' 16th, which was after the trial of the replevin suit. So far as appears from the record, appellee was at the same time prosecuting both suits, one to recover the price of the goods and the other to recover the goods. This could not be done, as the two remedies were inconsistent.

The evidence falls short of sufficiency, in another respect, to support the verdict. Appellee's attorney, who testified in the case, said that he commenced the replevin suit as soon as he received the alleged false statement made by Todd. This testimony shows that the attorney did not have the statement in his possession when he commenced the attachment suit, and that he was ignorant of its existence at that time. But, whether he knew of its existence at that time or not, his client had possession of the paper when it authorized the bringing of the suit, and of course was bound to know its contents. Appellee can not plead ignorance of that fact.

Moreover, when appellant introduced the record of the former suit brought by appellee to recover the price of the goods, a *prima facie* case of election of remedies was made out, and put the burden upon appellee of showing that the election was made in ignorance of the facts concerning its right to adopt another remedy. To escape the effect of the election, it was incumbent on appellee to show ignorance either of the statement made by Todd or of its falsity. Nor was it sufficient to show merely that the attorney who acted for appellee was ignorant of these facts. Appellee was bound by the knowledge of its officers and agents, as well as of the attorney acting for it in this suit; and until it is shown by competent evidence that appellee's officers and agents did not have information of these facts when the attachment suit was commenced, it is concluded by the election of remedies thus made.

The testimony wholly failed to bring appellee within the rule laid down in *White* v. *Beal & Fletcher Gro. Co.,* and *Dudley E. Jones Company* v. *Daniel, supra.*

On account of the insufficiency of the evidence in this re-

spect, the judgment is reversed, and the cause remanded for a new trial.

WOOD, J., not participating.