BUTLER BROTHERS *v.* HAMES.

4-4398

Opinion delivered November 2, 1936.

*I. J. Friedman* and *U. L. Meade,* for appellants.

*J. M. Smallwood,* for appellee.

BUTLER, J. The appellants, judgment creditors of W. P. Hames, instituted an action in the Logan county chancery court for the northern district against W. P. Hames and Mrs. Charles Beckel to set aside the sale of a stock of merchandise sold by the former to the latter as in violation of the Bulk Sales Law, act No. 23, Acts of 1929, p. 41, with the prayer that Mrs. Beckel, the purchaser, be declared to be receiver of the said stock of merchandise and to subject the same to the payment of appellants' debts. The trial court denied the prayer of the complaint as to all the creditors except the Con Ferro Paint & Varnish Company. From that decree Butler Brothers, Foster Pottery Company and Plough Sales Corporation have appealed, and Mrs. Charles Beckel has filed a cross-appeal against that part of the decree awarding the relief prayed to the Con Ferro Paint & Varnish Company.

The record, as presented, is confusing and the evidence unsatisfactory. From a careful consideration of the entire record, however, we have concluded that a case is not presented calling for reversal of the decree, either as to direct or cross-appeal.

W. P. Hames conducted a small mercantile business in the town of Paris, and, some time in the year 1932 or in the early part of 1933, he purchased from the creditors above named various articles of merchandise. After the debts became due, Butler Brothers, for itself and assignee of Foster Pottery Company and Plough Sales Corporation, brought suits in the justice of the peace court against W. P. Hames and Mrs. Charles Beckel to recover for the respective amounts due each. This proceeding resulted in a judgment in favor of the plaintiffs against W. P. Hames and in favor of Mrs. Charles Beckel on their demands. Con Ferro Paint & Varnish Company brought suit in the justice of peace court against W. P. Hames and secured judgment against him for the amount of its claim. Executions on these several judgments were issued and returned *nulla bona*. After this, the judgments, properly certified, were filed in the office of the clerk of the circuit court and duly entered on the records thereof. Subsequently, the suit from which this appeal comes was instituted in the chancery court.

Without stating the grounds upon which the decree was based, the chancery court dismissed the complaint of all the plaintiffs except that of the Con Ferro Paint & Varnish Company for want of equity, and as to that company found that the sale from Hames to Mrs. Beckel was in violation of the Bulk Sales Law and rendered judgment against Mrs. Beckel in favor of the Con Ferro Paint & Varnish Company for the sum of $62.98, the amount of the justice of peace judgment with interest thereon from its date.

That there was a sale by Hames to Mrs. Beckel was not established by any evidence offered, but from the pleadings and argument of counsel we judge that it was admitted. Agents for the creditors, who had charge of the records of their various employers, testified that no notice was received at any time before, or contemporaneous with, the sale that the same had been effected, and that the first knowledge they had of the sale was some time later. This proof justified the trial court in concluding that the Bulk Sales Law had been violated.

The only other evidence introduced was that of the attorney representing Butler Brothers and its assignors. The reasonable inference to be gathered from a consideration of his entire testimony, together with a letter written by him to the justice of the peace and made a part of his testimony as an exhibit thereto, is that he knew of the sale made by Hames to Mrs. Beckel and brought suit against both of them on the theory that they were jointly obligated to the creditors he represented.

The effect of this proceeding was an acknowledgment of the validity of a transfer by Hames to Mrs. Beckel, or a ratification of the same. In other words, it was an election to waive the fraud of the parties in making the sale, to waive the provisions of the Bulk Sales Law and to proceed personally against the purchaser.

It is well settled that where, with knowledge of the facts from which co-existing and inconsistent remedial rights arise, a party selects one of these remedies and prosecutes it to judgment he may not thereafter, having failed to obtain relief, proceed to adopt the other remedy. *White* v. *Beal, etc.,* 65 Ark. 278, 45 S. W. 1060; *Jones Co.* v. *Daniel,* 67 Ark. 206, 53 S. W. 890; *Baker* v. *Brown Shoe Co.,* 78 Ark. 501, 95 S. W. 808; *Craig* v. *Meriwether,* 84 Ark. 298, 105 S. W. 585.

"What remedies are inconsistent with each other so as to require or to constitute an election between them, and what remedies are consistent so as not to require or to constitute an election between them is a matter to be determined by the facts in each case. No arbitrary rule can be enunciated the application of which will constitute a decisive test for all cases. Ordinarily, the question of inconsistency may be determined by a consideration of the relation of the parties with reference to the rights sought to be enforced as asserted in the pleadings, * * *. To make them inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact

that the forms of action are different.'' 20 C. J., p. 9, § 8.

The remedy first pursued was inconsistent with the remedy under which recovery was later sought, and, therefore, the appellants were estopped from pursuing the latter remedy. The action in the justice of peace court was an acknowledgment and ratification of the sale, and, therefore, inconsistent with the subsequent action which proceeded on the theory that appellants had repudiated the transaction. 20 C. J., p. 18, § 13; *White v. Beal & Fletcher Grocer Co.*, 65 Ark. 278, 45 S. W. 1060; *Baker v. Brown Shoe Co., supra.*

With respect to the Con Ferro Paint & Varnish Company the situation is different. It did not proceed against Mrs. Beckel in the justice of peace court, but against Hames only. Therefore, it cannot be deemed to have ratified the sale made by Hames to Mrs. Beckel.

It is insisted by the cross-appellant that there was no testimony tending to establish the value of the goods obtained by Mrs. Beckel from Hames and, consequently, nothing upon which the trial court could properly base a decree in favor of cross-appellee. There is some evidence, however, that the merchandise was worth much more than the amount of the judgment in favor of the cross-appellee. This testimony was somewhat vague, but, as Mrs. Beckel did not dispute it, it is sufficient. It is true that the statute prescribes that the purchaser of merchandise sold in violation of the Bulk Sales Law shall be held a receiver thereof and to account to creditors for the same. But, where, as in this case, it is shown without dispute that the value of the merchandise is far in excess of the creditor's debt, the purchaser cannot complain because a personal judgment was rendered against her.

It is ordered that the decree of the court below be affirmed both on direct and cross-appeals.