Vernon **HOGUE** and Standard Laundry and Cleaners, Inc., of Benton, Arkansas, Appellants,

v.

**PELLERIN LAUNDRY MACHINERY SALES COMPANY, Inc., Appellee.**

No. 17941.

United States Court of Appeals Eighth Circuit.

Dec. 21, 1965.

Alston Jennings, Little Rock, Ark., made argument for appellants and filed printed brief.

G. Thomas Eisele, Little Rock, Ark., made argument for appellee and filed brief with Cooper Land, of Wootton, Land & Matthews, Hot Springs, Ark.

Before JOHNSEN, VOGEL and MATTHES, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal is from a decree awarding restitution to appellee, Pellerin Laundry Machinery Sales Company, Inc., against appellants, Vernon Hogue and Standard Laundry and Cleaners, Inc., of Benton, Arkansas, of some laundry and cleaning machinery and equipment.[1]   The suit

---

[1]. There had been other litigation involving or related to the property.  See Pellerin Laundry Machinery Sales Co., Inc. v. Reed, 300 F.2d 305, 310–314 (8 Cir. 1962);  Pellerin Laundry Machinery Sales Co., Inc. v. Hogue, 219 F.Supp. 629 (D.C. W.D.Ark.1963).  The history of this will not be set out here, other than as reference may be made in the opinion to some specific aspect of it.

was one in diversity jurisdiction, with the value of the property found by the court to be $20,000.00.

Pellerin's title to the property was legally without actual dispute on the trial. Possession of it had been given by Pellerin to Hogue under conditional sales contracts, and Hogue had turned it over to Standard, a corporation formed to carry on a laundry and cleaning business, with the capital stock thereof owned by Hogue at the time of suit. Payment defaults on the part of Hogue began to occur soon after the contracts were made; were permitted to accumulate over a considerable period of time; and were ultimately made the basis of a rescission by Pellerin, with the present suit being instituted shortly thereafter.

The errors asserted here against the decree are (1) the court's holding that the suit was not barred by limitations, and (2) the court's holding that there had not been an election of remedies estopping Pellerin to seek restitution relief.

## I.

The limitations argument made is that under Ark.Stats.1947, § 37–206, an action for the recovery of goods or chattels must be brought [in the language of the statute] "within three years after the cause of action shall accrue"; that default on the conditional sales obligation had occurred more than three years prior to the bringing of the present suit; that Pellerin's right to rescind and seek restitution arose when appellants first were in default; and that the statute of limitations began to run from that date.[2]

This, however, fails to take into account that the obligation on the notes and conditional sales contracts was not for a single payment but for separate monthly installments over a five-year term. There was no provision that caused the entire obligation to become automatically accelerated by the first default, nor was there a provision that required Pellerin to use this default, and only this, as a basis for rescission if it at all wanted to avail itself of the remedy of restitution.

In this situation, Hogue's obligation to make the subsequent installment payments as they became due continued in effect. As to each such installment there was a distinct undertaking for payment on its particular maturity date. Thus, failure of performance as to a subsequent installment as much constituted a contract breach and as much legally provided a basis for rescission as did the first default that occurred. In Williston's language, " * * * rescission is imposed *in invitum* by the law at the option of the injured party, and it * * * in general is allowed * * * for any breach of contract of so material and substantial a nature as would constitute a defense to an action brought by the party in default for a refusal to proceed with the contract". Williston on Contracts (Rev.Ed.), § 1467. See also Economy Swimming Pool Co., Inc. v. Freeling, 236 Ark. 888, 370 S.W.2d 438, 440.

On this basis, appellants' contention as to limitations is left without its premise. Pellerin's rescission and its suit to recover the property were both engaged in within three years of the time that some (a majority in fact) of the cumulative defaults in payments had occurred on the contract obligation. As noted above, only the statute of limitations is relied on as to delay. There is no claim of any preclusion from laches prior to and other than as a question of bar by the statute itself.[3]

Any other laches-claim which might have been attempted to be asserted on the basis of occasioned hardship and inequitable injustice would in general have been subject to the principle that " * * * restitution is denied because of laches only because the complainant,

2. Under Arkansas law, "(c)ourts of equity, like courts of law, are bound by the statute of limitations * * *". A. Baldwin & Co. v. Williams, 74 Ark. 316, 86 S.W. 423, 424. See also Vesper v. Woolsey, 231 Ark. 782, 332 S.W.2d 602; Johnson v. Umsted, 8 Cir., 64 F.2d 316, 322.

3. See footnote 2, supra.

with full opportunity to pursue a remedy, delays without adequate reason until, if restitution were granted, the other party or some third person might [inequitably] suffer a loss which would not have been occasioned had action been brought with a fair degree of promptness". Restatement, Restitution, § 148, Comment c. In the situation here, however, with appellants having had the use of the machinery and equipment in their business through a long period of cumulative defaults, after having made only two payments to Pellerin, they would hardly have been able to make any laches-claim, postulated on inequitable prejudice from Pellerin's forbearance to bring the matter of their defaults to a head. Rather, in Pellerin's exercising of rescission and seeking of restitution, such equities as could be involved between the parties from the forbearance would be on Pellerin's side.

As indicated, Pellerin's rescission and its suit to recover the property occurred within three years from the date of each of a large number of separate installment defaults, so that legally the situation was without basis for claiming bar from the statute of limitations against Pellerin's right to seek restitution. And with the rescission and the suit both having occurred within such a three-year period, there is no occasion for us to consider whether § 37–206 would be construed by the Arkansas courts as having application to these dual aspects concurrently, or whether it would be held that as to the right to seek restitution the limitations period does not commence to run until after a rescission has been made.[4] Nor, in view of the result commanded legally by the facts as declared above, is there need to consider the theory on which the trial court predicated its holding that the statute of limitations had

not run—namely, that Pellerin's cause of action for restitution did not come into existence or accrue until the court's decree and judgment of dismissal in the case of Pellerin Laundry Machinery Sales Co., Inc. v. Hogue, D.C.W.D.Ark., 219 F. Supp. 629, referred to in footnote 1, supra. In relation to this theory, the significant time elements were that judgment in that case was entered on July 12, 1963; that notice of rescission was given by Pellerin to appellants on July 30, 1963; and that suit for recovery of the property was instituted on August 23, 1963.

We pass the limitations question without further discussion.

### II.

As to the election-of-remedies contention, the argument made is that the complaint for recovery of the property alleged originally that it was "an action for * * * replevin"; that possession of the property was obtained by Pellerin on an order of delivery and a bond under the replevin provisions of the Arkansas statutes; that this constituted an election of remedies as against the right to seek restitution; that under the circumstances, Pellerin was not entitled to make the amendment to its complaint which it did under Rule 15(a), Fed.Rules of Civ. Proced., 28 U.S.C.A., constituting the action as one for restitution; and that it was improper therefore for the court to grant restitution relief.[5]

The trial court held that the amendment made to the complaint did not change the action into one of inconsistent remedy or relief; that what was sought, both under the original complaint and amendment, was a recovery or restoration of the property; and that the defense of election of remedies was therefore not available in the situation.

4. In this connection, note Williston on Contracts (Rev.Ed.) § 2004: "Where the right to restitution is governed by Statutes of Limitations as distinguished from the equitable doctrine of laches, the Statute begins to run from the time the law imposes the duty to make restitution".

5. While appellants urged in the trial court that the suit involved in 219 F.Supp. 629,

supra, also was an election of remedies by Pellerin as against restitution, that contention is not asserted here, presumably because, as the opinion in 219 F.Supp. 629 held, no such remedy as Pellerin there sought ever existed to it under Arkansas law in the contract situation. See Restatement, Contracts, § 383.

Insofar as the original complaint could be regarded as one for relief in replevin and the amendment as one for relief in restitution, with the basis on which the right to recover the property was predicated being the same, and with the situation being without any equities calling for adjustment, all that could actually be said to be involved would be a difference in the form of the action for having its right to a recovery of the property established.

In Davis v. Lawhon, 186 Ark. 51, 52 S.W.2d 887, 888, the Arkansas Supreme Court quoted approvingly the following statement from a Florida case:

"Where the law affords several distinct, but not inconsistent, remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel, the election must be between co-existent and inconsistent remedies. * * * If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. * * * "

Also, in Butler Bros. v. Hames, 193 Ark. 77, 97 S.W.2d 622, 624, the Court in discussing the election of remedies quoted with approval from 20 C.J. p. 9, § 8 (now 28 C.J.S. Election of Remedies § 4), as follows:

"What remedies are inconsistent with each other so as to require or to constitute an election between them, and what remedies are consistent so as not to require or to constitute an election between them is a matter to be determined by the facts in each case. No arbitrary rule can be enunciated the application of which will constitute a decisive test for all cases. * * * To make them inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different".

■ It may be added in this connection that there is no claim that the changing of the form of the action from one in replevin to one in restitution prejudiced appellants as a matter of law by depriving them of the right to a jury trial on the possession taken under the order of delivery. No demand for a jury trial was ever made, nor is there any contention that this would have been done except for the complaint amendment. Hence, both on the original complaint and on the amendment made, the question of Pellerin's right to recover the property was one for the court entirely. Also, the recovery right under either form of action rested in the situation on the same set of facts and circumstances as to Hogue's obtainment of possession and breach. Thus, the argument made as to election of remedies is here purely legalistic, involving only formal shell and not actual substance.

■ Beyond this, as a determination by the trial court of the matter of election of remedies as a question of Arkansas law, there is no basis for appellants to seek reversal in the situation. We have repeatedly declared that we will not overturn a determination on the part of a federal district judge of the local law of his state unless we have a firm conviction that it is clearly erroneous. See e. g. Abbott v. Arkansas Utilities Co., 8 Cir., 165 F.2d 339, 340; Massachusetts Bond. & Ins. Co. v. Julius Seidel Lbr. Co., 8 Cir., 279 F.2d 861, 862; S & L Company of Des Moines v. Wood, 8 Cir., 323 F.2d 322, 328; Bookwalter v. Phelps, 8 Cir., 325 F.2d 186, 188. Here, Judge Young's determination, far from impressing us as being clearly erroneous, seems to us clearly to be correct.

### III.

The judgment granting restitution is affirmed.